UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.     Case No. 2:21-cr-115-TPB-NPM

VINCENT ROBUSTO,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S
MOTION TO DISMISS COUNT 2 OF THE INDICTMENT**

This matter is before the Court on "Defendant Robusto's Motion to Dismiss Count 2 of Indictment as Unconstitutional Under the Second Amendment," filed by counsel on December 16, 2024. (Doc. 159). On December 30, 2024, the United States of America filed a response in opposition. (Doc. 168). Upon review of the motion, response, case file, and the record, the Court finds as follows:

On December 1, 2021, the Government filed an indictment against Defendant, charging him with (1) transporting a minor across state lines for unlawful sexual activity and (2) possession of a firearm by a convicted felon.

The indictment alleges that Defendant knowingly transported a minor to the state of Florida with the intent to engage in sexual activity with the minor – he purchased her plane ticket, and airport surveillance captured Defendant picking the minor up from the airport on July 17, 2021.

On July 23, 2021, law enforcement officers located Defendant with the minor at a residence in Charlotte County, Florida. During the execution of a search warrant that same day, officers recovered a Sig Sauer P250 .45 caliber, semi-automatic handgun inside a backpack located on the kitchen table, along with Defendant's wallet, cell phone, and

other personal items. The firearm contained a .45 caliber magazine, which held eight rounds of Hornady .45 caliber ammunition. At the time, Defendant was a convicted felon, having previously been convicted of aggravated battery, aggravated assault, theft by receiving stolen property, and possession of a firearm by a convicted felon.

In his motion, Defendant challenges the constitutionality of 18 U.S.C. § 922(g), arguing that the prohibition against a felon possessing a firearm is unconstitutional under recent Second Amendment jurisprudence. This exact issue was examined in *United States v. Dubois*, 94 F.4th 1284 (11th Cir. 2024). The Eleventh Circuit Court of Appeals held that its prior precedent, *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010), remained binding even in the wake of the United States Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc v. Bruen*, 142 S. Ct. 2111 (2022). Consequently, in this Circuit, statutory restrictions on firearm possession, such as § 922(g), are constitutional and therefore permissible. Defendant's facial and as-applied challenges fail.

For these reasons, as explained in greater detail by the Eleventh Circuit in *Dubois* and *Rozier*, "Defendant Robusto's Motion to Dismiss Count 2 of Indictment as Unconstitutional Under the Second Amendment" (Doc. 159) is denied.

**DONE AND ORDERED** in Chambers, in Fort Myers, Florida, this 9th day of January, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE